Hay, Judge,
reviewing the facts found to be established, delivered the opinion of the coui't:
This is a suit brought by an officer of the Navy, who was at one time during his service on the active list of the Navy chief of a bureau in the Navy Department. He claims that by reason of such service he is entitled to be retired with the rank, pay, and allowances provided by law for a chief of bureau upon retirement.
The plaintiff was on January 10,1917, placed on the retired list for physical disability incident to the service under section 1453, Revised Statutes, after a total service on the active list of the Navy of 28 years. On February 7, 1910, he was appointed Chief of the Bureau of Medicine and Surgery with the rank of rear admiral for the term of four years, and held that office for the full term stated in his commission. At the end of his four years service as chief of bureau he resumed his regular position on the active list of the Navy, which was that of medical director, with the rank of captain, which rank and office he held, and had held for three years, when he was placed on the retired list. Since his retirement he has received the retired pay of a captain on the retired list of the Navy.
The plaintiff now seeks to recover the pay of the next higher rank, that of rear admiral of the lower nine, and he claims he is entitled to this pay by virtue of the provisions of the act of May 13, 1908, 35 Stat. 128, which act reads as follows:
“ That any officer of the Navy who is now serving or shall hereafter serve as chief of a bureau in the Navy Department, and shall subsequently be retired, shall be retired with the rank, pay and allowances authorized by law for the retirement of such bureau chief.”
It is very earnestly insisted upon by the plaintiff that the proper construction of this statute is that if an officer who had once been a bureau chief retired “ subsequently ” to *75 bolding tliat office be shall retire with the rank which he held while he was a bureau chief, and not with the rank which he held when he retired. We can not think that this is the proper construction of this statute. The word “ subsequently” clearly means, taken in connection with all the language of the act, that if a bureau chief retires after he becomes bureau chief and while so serving he may be retired with the rank which he is holding when he retires; for if Congress had intended otherwise it would have said so, and not confined the language in such a way as to mean only bureau chiefs while serving as such. After a bureau chief ceases to be such and returns to his rank on the active list he no longer has either the rank or the privileges pertaining to a bureau chief, and can not take advantage of a law enacted for the benefit of bureau chiefs. After all, the plaintiff is seeking relief as an ex-chief of bureau. There is nothing in the law which can apply to ex-chiefs of bureau. They are neither known to the law nor have they any standing in the service of the Navy.
Moreover it is not contended that the officer after he ceased to be a bureau chief, and returned to the active list before his retirement, could receive any more for his services than any other officer on the active list of his rank. Why, then, should an officer who had once been a bureau chief receive higher pay after retirement than the same officer could have while in active service?
If the contention of the plaintiff were to be adopted it might easily result in large numbers of officers being made bureau chiefs for limited periods of time, returned to the active list, serving there for years, and then being retired with the rank, pay, and allowances provided by law for bureau chiefs while serving as such.
It follows that the petition of the plaintiff must be dismissed.
Judge Downey, Judge BaeNey, Judge Booth, and Chief Justice Campbell concur.